# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

JAIRO TOMAS SANTOS,

DEFENDANT(S).

---

## INDICTMENT

18 U.S.C. § 1344(2) – Bank Fraud;
18 U.S.C. § 2 – Aiding and Abetting;
18 U.S.C. § 981(a)(1)(C) and 982; 28 U.S.C. § 2461 – Forfeiture Allegation

A true bill.

/s/ *Foreperson of the Grand Jury*
                                                            Foreman

Filed in open court this  25th  day of

July 2023                               .

                                    S. Ybarra
                                            Clerk

Bail, $ No Bail - Warrant

Hon. Alex G. Tse, United States Magistrate Judge

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

FILED

Jul 25 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAIRO TOMAS SANTOS, <br><br> Defendant. | CASE NO. 3:23-cr-00230 WHA <br><br> VIOLATIONS: <br> 18 U.S.C. § 1344(2) – Bank Fraud; <br> 18 U.S.C. § 2 – Aiding and Abetting; <br> 18 U.S.C. § 981(a)(1)(C) and 982; 28 U.S.C. § 2461 – Forfeiture Allegation <br><br> SAN FRANCISCO VENUE |

# I N D I C T M E N T

The Grand Jury charges:

## Introductory Allegations

At all times relevant to this Indictment:

1. The defendant, JAIRO TOMAS SANTOS ("SANTOS"), resided in San Mateo, California and served as the office manager for a law firm (the "Victim Law Firm") based in San Francisco, California. SANTOS had been employed by the Victim Law Firm starting in or about 2001, and ceased working for the Victim Law Firm in or about June 2022 but continued to have access to the firm's offices.

2. The Victim Law Firm maintained a checking account at Wells Fargo Bank, ending in x9864 ("Wells Fargo account x9864"). The senior partner of the firm was the authorized signer for this account, and SANTOS did not have authority to sign checks issued from Wells Fargo account x9864

INDICTMENT

without the prior permission of the senior partner.

3. Wells Fargo was a financial institution, as the term is defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

4. SANTOS maintained at least two personal checking accounts at Wells Fargo Bank, ending in x2253 and x8442 ("Wells Fargo account x2253" and "Wells Fargo account x8442").

COUNT ONE:          (18 U.S.C. § 1344(2) – Bank Fraud; 18 U.S.C. § 2 – Aiding and Abetting)

5. The factual allegations in Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated herein as if set forth in full.

6. Beginning no later than on or about March 9, 2016, and continuing through on or about March 2023, in the Northern District of California, and elsewhere, the defendant,

JAIRO TOMAS SANTOS,

did knowingly and with the intent to defraud, execute, and attempt to execute, a scheme and artifice to obtain moneys, funds, credits, assets, and other property under the custody and control of a financial institution, namely, Wells Fargo Bank, by means of false and fraudulent pretenses, representations, and promises.

The Scheme and Artifice to Defraud

7. In furtherance of the scheme and artifice to defraud, SANTOS used a variety of means and methods, including the following:

8. As part of the scheme to defraud, SANTOS obtained checks from the Victim Law Firm's account at Wells Fargo, Wells Fargo account x9864. SANTOS filled out the payee line of those checks as "Jairo Santos" and signed each check with the signature of the senior partner even though he was not authorized to do so. SANTOS then deposited these checks into his personal checking accounts at Wells Fargo, Wells Fargo account x2253 and Wells Fargo account x8442.

9. As part of the scheme to defraud, between in or about March 9, 2016, and in or about February 2023, SANTOS deposited no less than approximately 806 unauthorized checks from the Victim Law Firm made payable to SANTOS into his personal accounts at Wells Fargo, specifically, he deposited the checks in Wells Fargo account x2253 and Wells Fargo account x8442. The total value of these deposits in those and other accounts controlled by SANTOS was approximately $1,191,683.

INDICTMENT                                              2

10. As part of the scheme to defraud, SANTOS made and deleted entries in the general ledger for the Victim Law Firm that concealed the fact that the payments were made for his own use.

11. SANTOS deposited the checks drawn on the Victim Law Firm account knowing that the payments were not authorized by the firm or senior partner, and were in excess of the amounts he was legitimately owed by the firm for his salary and expenses.

<u>Execution of the Scheme</u>

12. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendant,

JAIRO TOMAS SANTOS,

conducted and caused to be conducted the following financial transactions, among others, on or about the following dates, each transaction constituting a separate Count of this Indictment:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| ONE | 1/14/2023 | Deposit of check #13477 for $1,872.64 drawn from Victim Law Firm's Wells Fargo account x9864 into SANTOS's Wells Fargo account x2253. |
| TWO | 1/26/2023 | Deposit of check #13475 for $1,805.54 drawn from Victim Law Firm's Wells Fargo account x9864 into SANTOS's Wells Fargo account x2253. |
| THREE | 1/28/2023 | Deposit of check #13497 for $1,760.18 drawn from Victim Law Firm's Wells Fargo account x9864 into SANTOS's Wells Fargo account x2253. |

Each in violation of Title 18, United States Code, Section 1344(2).

<u>FORFEITURE ALLEGATION</u>: (18 U.S.C. § 981(a)(1)(C) and 982; 28 U.S.C. § 2461(c))

The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction for any of the offenses set forth in this Indictment, the defendant,

JAIRO TOMAS SANTOS,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

INDICTMENT                                          3

from proceeds the defendant obtained directly and indirectly, as the result of those violations.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: July 25, 2023                                                                          A TRUE BILL.

                                                                                              _____/s/_____
                                                                                              FOREPERSON

ISMAIL J. RAMSEY
United States Attorney

_____/s/_____
CHRISTIAAN H. HIGHSMITH
Assistant United States Attorney

INDICTMENT                                                  4